H. W. AVERY, *Appellant,* v. MILTON MOORE, *Appellee.*

No. 17,534.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *Contract* — *Stipulation—Defense—Judgment.* The contract sued on and the stipulation filed by the parties on the trial entitled the plaintiff in the action to judgment, and no defense thereto was shown.

2. ——— *Same.* The stipulation furnishes the basis, by mere computation, of determining the amount of such judgment.

Appeal from Wyandotte district court, division No. 2. Opinion filed June 8, 1912. Reversed.

*Dwight M. Smith,* and *F. L. Williams,* for the appellant.

*Junius W. Jenkins,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant brought suit against the appellee upon the following contract of guaranty:

"For value received, I hereby assign and set over to Baylis Steele, as trustee, a certain note executed by Joe Crescioni, dated February 7th, 1907, for Four Hundred Dollars ($400), and due One Hundred Dollars ($100) per year until full amount is paid. Also the contract securing said note. The said Steele will collect said note and contract as the payments become due, and apply the same to the payment of the claim of H. W. Avery against the Atlas Building & Loan Association as shown by the books of said Association, including a small amount that may be due on Streeter Brothers' claim upon said Association as shown by its books. I guarantee that said note and contract are good for the amount expressed in the note.

"Dated this 29th day of November, 1907.

"Milton Moore."

In the petition it was alleged that the Atlas Building and Loan Association was organized as a corporation under the laws of the state of Missouri with a

22—87 KAN.

capital stock of $250,000; that the face value of each share of stock was $100, and that plaintiff had subscribed for and there was issued to him a certificate of stock of the association by which he became the holder of ten shares of class A, installment stock; that each share of stock entitled the holder to its proportion of the funds and property of the association, and that in accordance with the rules and by-laws of the association he paid the association the sum of $200 and was entitled to withdraw such amount and his proportion of the earnings of the association upon giving notice as required by the rules and by-laws; that he had given such notice more than thirty days prior to February 1, 1902; that he was entitled to withdraw on that date $250, which sum with interest thereon at six per cent per annum from February 1, 1902, was due and owing to him.

Also that a similar certificate of stock had been issued by the association to Streeter Brothers and assigned to the plaintiff, by virtue of which the plaintiff was entitled to withdraw upon such certificate $55.65 on March 2, 1900. The plaintiff made repeated demands upon the association for the payment of the said sums with interest, and on about the 28th day of February, 1907, threatened to bring suit against the association for the payment of the above sums with interest; and for the purpose of inducing the plaintiff to give the association more time to pay the money due the plaintiff, the defendant, who was then an officer and agent of the association, made and executed to the plaintiff the instrument in writing above set forth.

The petition further alleged that the note described in the writing was assigned to Steele, also the default of any payment thereon, and prayed judgment for the sum of $451.62.

The amended answer was first a general denial and second the following:

"For his second and further answer and defense, he

admits the execution of the written instrument to Baylis Steele, a copy of which is filed as Exhibit A to plaintiff's petition, but says that he received no consideration therefor, nor did any advantage accrue to him by reason thereof."

In reply the plaintiff filed a general denial.

On the trial the plaintiff introduced the instrument above set forth, also a stipulation made between the parties, including a copy of the note and the contract referred to in the stipulation. Much other evidence was introduced relating to the value of the real estate which stood as security for the four-hundred-dollar note, all of which we regard as immaterial.

The stipulation introduced in evidence, omitting the caption, reads:

"It is stipulated and agreed, in the above-entitled cause, between plaintiff and defendant, by their respective attorneys, as follows:

"That the books of the Atlas Building & Loan Association, of Kansas City, Missouri, show that plaintiff had paid into said Association on certificate of Stock No. 2452, prior to February 1st, 1902, the sum of Two Hundred ($200) Dollars. Also, that the books of said Association show that J. B. and J. H. Streeter had paid into said Association on certificate of stock No. 2454, prior to April 20th, 1900, the sum of $55.65.

"It is further agreed, that the certified copy of contract between Milton Moore and Joe Crescioni, hereto attached, marked 'A,' and copy of note hereto attached, marked 'B,' are true and correct copies of said note and contract.

"It is further agreed, that this stipulation may be offered in evidence by either plaintiff or defendant for the purposes of proving the amounts due upon said certificates of stock, or the contents, terms and conditions of said contract and note, to the same effect as though the books of said Atlas Building and Loan Association and the said original contract and note, were offered in evidence.

"Dated, this — day of March, 1910."

Near the close of the evidence the plaintiff testified that he had given the association notice of the with-

drawal of the amount claimed to be due him from the association, and that he had filed a notice of withdrawal January 2, 1902. He was thereupon asked if the notice of withdrawal was in writing and replied that it was. He also testified that he had made no effort to get the notice which he had delivered to the association. Objection was made to his oral statement and the objection was sustained. A demurrer was then filed to the plaintiff's evidence, which was sustained by the court and judgment rendered against the plaintiff.

The errors assigned are that the court erred in excluding competent evidence offered by the plaintiff, also in sustaining the demurrer to the plaintiff's evidence and that the decision of the court is contrary to the evidence and contrary to law.

Much stress is placed by the defendant upon the claim that the contract was a guaranty of collection and not of payment and that the plaintiff produced no evidence of any effort on his part to collect the four-hundred-dollar note from the maker thereof. A sufficient answer to this is that the note was not delivered to the plaintiff but was assigned and delivered to one Baylis Steele as trustee for the plaintiff and the defendant, who still had a large interest in the collection if made in full. The contract expressly provided that Steele would make the collections as the payments on the note became due, and apply them on the claim of the plaintiff against the association, including the assigned claim to the plaintiff from Streeter Brothers. The stipulation also assumed as a fact that the claims of the plaintiff against the association were due, valid, and subsisting. If it be conceded that the guaranty was not of payment but of collection, this did not, under these circumstances, impose upon the plaintiff the duty of bringing an action to collect the note.

We think it was unnecessary for the plaintiff to prove that any notice of withdrawal had been made

upon the association.   The transaction of assigning the note to Steele, as trustee, recognized that the claim of the plaintiff was then due, and the written stipulation, filed as evidence, recites that "this stipulation may be offered in evidence by either plaintiff or defendant for the purpose of proving the amounts due upon said certificates of stock," etc.   In short, the whole stipulation is an admission that some amount was due from the Atlas Building and Loan Association to the plaintiff, and was evidently made for the purpose of obviating the necessity of producing evidence to establish the amount thereof.   The execution of the contract of guaranty is expressly admitted by the answer but it is alleged that there was no consideration therefor.   This does not constitute a defense. It is sufficient if the plaintiff waived any right or by reason thereof forbore bringing suit and gave an extension of time to the association.

But it is correctly said that the plaintiff in his petition alleged that the Atlas Building and Loan Association, at all times since the execution and delivery of the assignment and guaranty, and long prior thereto, was insolvent.   It is contended that this admission proves that the plaintiff lost nothing by reason of extending the time of payment.   It does not follow that it is no disadvantage to a creditor to extend the time of payment to an insolvent debtor.   On the other hand, the very condition of insolvency may make it of the utmost importance to the creditor to prosecute an action for recovery promptly.   That a debtor is insolvent does not mean inability to pay any portion of a debt.   In *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188, it was said:

"A person is insolvent when his assets at a fair market value are not sufficient to pay his liabilities." (p. 178.)

This is the usual definition.

The court erred in sustaining the demurrer to the

plaintiff's evidence, in overruling the motion for a new trial and in rendering judgment against the plaintiff. The admitted facts entitle the plaintiff to recover in the action, and no substantial defense thereto is pleaded or provable under the pleadings in the case.

The judgment is reversed and the case is remanded with instructions to compute, from the stipulation filed, the amount the plaintiff is entitled to recover, and to render judgment for him in the action for such amount and costs.